IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT LEE FEUER,                          )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )   Case No. 04-3027-JAR
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
                    Defendant.            )
_____  )

## MEMORANDUM AND ORDER

Plaintiff brings this action seeking to recover for alleged medical malpractice injuries he sustained while a prisoner in the custody of the Federal Bureau of Prisons ("BOP").  Plaintiff alleges malpractice for the cancellation of and failure to prescribe anti-seizure medication, which allegedly resulted in a fall that caused a broken ankle.  Plaintiff further alleges that the BOP medical staff failed to appropriately diagnose and treat the broken ankle.

This matter comes before the court for consideration of plaintiff's motions to compel, for sanctions, and for a discovery conference.[1]  Defendant has filed responses in opposition to each of plaintiff's motions.[2]

_____

[1] Currently pending are the following motions by plaintiff: motion to compel document production (Doc. 45); motion to compel interrogatory answers and for sanctions (Doc. 47); amended motion to compel document production (Doc. 48); motion for leave to file supplemental motion to compel interrogatory answers and for sanctions (Doc. 55); supplemental motion to compel interrogatory answers and for sanctions (Doc. 56); and motion to compel production of plaintiff's first request for production or in the alternative for discovery conference (Doc. 57).

[2] Defendant has filed the following responses in opposition to the following motions: response (Doc. 46) to plaintiff's motion (Doc. 45); response (Doc. 52) to plaintiff's motion (Doc. 47); response (Doc. 51) to plaintiff's motion (Doc. 48); response (Doc. 58) to plaintiff's motions (Docs. 55 & 56); and response (Doc. 60) in response to plaintiff's motion (Doc. 57).

Plaintiff has not filed any replies to any of defendant's responses and time for any such replies has expired.[3]
The court therefore considers these matters to be fully-submitted and ripe for decision.[4]

## I. Plaintiff's Motions to Compel Related to his Request for Production (Docs. 45, 48, & 57)

All of plaintiff's motions to compel production of documents are related to a list of items for which plaintiff requested production in a letter to defendant's counsel dated March 28, 2005. While the subject of this letter was identified as being "Initial Disclosures," it asks defendant to produce an extensive list of documents that go well beyond the simple identification and disclosure of "a copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses" required by the initial document disclosure provisions of Fed. R. Civ. P. 26(a)(1)(B).[5]   Defendant acknowledges that it received plaintiff's letter, which it considered to be a request for production of documents, on March 30, 2005.[6]

Fed. R. Civ. P. 34 specifies the requirements for requests for production.  Fed. R. Civ. P. 34(a) addresses the scope of such requests and provides in relevant part:

---

[3] The last of defendant's responses to be filed (Doc. 60) was filed on May 31, 2005.  Pursuant to D. Kan. Rule 6.1(d)(1), a reply to a response to a nondispositive motion "shall be filed and served within 14 days of the service of the response."  To date, plaintiff has not filed any replies regarding any of the pending discovery motions and his last opportunity to do so expired on June 14, 2005, when he failed to file any reply to defendant's response (Doc.60).

[4] Pursuant to D. Kan. Rule 7.4, "[t]he failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to file such brief or response . . . ."

[5] Fed. R. Civ. P. 26(a)(1)(B).

[6] Defendant's response to plaintiff's first motion to compel production (Doc. 46), at ¶ 1.

Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served . . . .[7]

Unless otherwise ordered by the court or stipulated by the parties, "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request."[8] This response must state whether the party receiving the request agrees or objects to production of the requested items and, in the event the party objects, the reasons for any such objection.[9]   "The party submitting the request may move for an order [compelling production] under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or failure to permit inspection as requested."[10]  The decision to grant a motion to compel is a matter of discretion for the court.[11]

A request for production may be served upon a party who is represented by an attorney by mailing a copy of the request to the party's attorney.[12]  Service by mail is complete upon the mailing of the

---

[7] Fed. R. Civ. P. 34(a).

[8] Fed. R. Civ. P. 34(b).

[9] *Id.*

[10] *Id.*

[11] *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986).

[12] Fed. R. Civ. P. 5(b).

document;[13] however, if a party elects to serve such a request by mail then three days are added to the period allowed for a response.[14]

Plaintiff's letter submitting his request for production of documents to defendant is dated March 28, 2005.  There is no suggestion in the record of this case that the time for defendant's response to plaintiff's request has been modified from the ordinary time provided for in Rule 34, by either court order or stipulation.  Therefore, if plaintiff's request was mailed on March 28, 2005, and is considered to have been served when mailed, pursuant to Fed. R. Civ. P. 5(b), then defendant's response was due 33 days later, or by April 30, 2005.  Because April 30, 2005, is a Saturday, the response deadline is automatically extended until the next business day, Monday, May 2, 2005, by operation of Fed. R. Civ. P. 6(a).  Plaintiff filed his first and second motions to compel production (Docs. 45 & 48) on April 14, 2005, and April 18, 2005, respectively.  These motions were therefore filed at least two weeks prior to the date that any response was due to plaintiff's request from defendant.  Plaintiff acknowledges this timing issue as a problem in his third motion to compel production (Doc. 57), wherein he states, "Plaintiffs pro se motions of docket 45, 48 were defective as they were filed premature . . . ."[15]  As such, the court finds these two motions to be premature, and they shall be denied on that basis.

Plaintiff's third motion to compel production, or, in the alternative, for a discovery conference (Doc. 57) was filed on May 16, 2005, and seeks an order compelling defendant to produce documents

---

[13] *Id.*

[14] Fed. R. Civ. P. 6(e).

[15] Plaintiff's Motion to Compel Production of Plaintiff's First Request for Production or in the Alternative for Discovery Conference (Doc. 57), at p. 8.

responsive to plaintiff's Request for Production Nos. 3, 4, 5, 6, 7,11, 12, and 15 or, in the alternative, a

conference with the court to discuss the disputed discovery in the event the court was not adequately

informed as to the dispute by the parties' filings.   The full text of plaintiff's requests and defendant's

objections (*italics*) are as follows:

  3.  Last seven (7) years tax returns of Drs. McCollom[16] and Tharp.

*Defendant objects to production of the above information because the information is not relevant to the claim or defense of any party and is not calculated to lead to discovery admissible evidence.  Further, the information is not in the possession of the Bureau of Prisons.*

  4.  BOP employment applications of Drs. McCollom and Tharp.

*Defendant objects to production of the above information because the information is not relevant to the claim or defense of any party and is not calculated to lead to discovery admissible evidence.*

  5.  Any and all complaints and findings filed with the Office of Professional Responsibility against Drs. McCollom and Tharp.

*If any such documents exist, they are not within the possession of the Federal Bureau of Prisons.  Defendant also objects to the request as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.*

  6.  Any and all complaints and findings filed with the Office of Inspector General against Drs. McCollom and Tharp.

*If any such documents exist, they are not within the possession of the Federal Bureau of Prisons.  Defendant also objects to the request as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.*

_____

[16] The parties have both alternated spelling this person's name as "McCollom" and "McCollum."  The court, not having any information available beyond the parties' filings, has standardized on the first and most frequently used spelling, "McCollom."

7.  Any and all complaints and findings filed with the Office of Internal Affairs against Drs. McCollom and Tharp.

*If any such documents exist, they are not within the possession of the Federal Bureau of Prisons.  Defendant also objects to the request as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.*

11.  Any and all complaints and findings filed against Drs. McCollom and Tharp with the U.S. Attorney General.

*If any such documents exist, they are not within the possession of the Federal Bureau of Prisons.  Defendant also objects to the request as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.*

12.  Bureau of Prisons Program Statement 6000.05.

*No Bureau of Prisons Program Statement 6000.05 currently exists.  An outline of the 6000 series Program Statements is being produced to plaintiff this date.*

15.  BOP employment application of Rogelio Fuentes.

*Defendant objects to production of the above information because the information is not relevant to the claim or defense of any party and is not calculated to lead to discovery of admissible evidence.*[17]

**A.  Duty to Confer Prior to Filing a Motion to Compel**

Before turning to the analysis of each individual request, the court notes as a threshold matter that, pursuant to Fed. R. Civ. P. 37(a)(2)(B), a party filing a motion to compel discovery must include in the motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court

---

[17] Defendant's Response to Plaintiff's First Request for Production of Documents, attached as Exhibit 1 to plaintiff's Motion to Compel Production of Plaintiff's First Request for Production or in the Alternative for Discovery Conference (Doc. 57).

action."[18]   "The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ.

P. 26 through 37 . . . unless . . . the moving party has conferred or has made reasonable effort to confer with

opposing counsel concerning the matter in dispute prior to the filing of the motion."[19]   "Every certification

required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve

discovery or disclosure disputes shall describe with particularity  the steps taken . . . to resolve the issues

in dispute."[20]   "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing

party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or

in good faith attempt to do so."[21]

In this instance, plaintiff's motion is silent as to any efforts to resolve the parties' dispute prior to

resorting to the filing of his third motion to compel production (Doc. 57).  Indeed, the fact that plaintiff had

already filed his two prior motions to compel production (Docs. 45 & 48) prior to the  deadline for

defendant to even respond to his request for production, strongly suggests that plaintiff was eager to seek

court action without first attempting to confer with defendant's counsel to resolve any disagreement between

the parties.  Plaintiff's third motion (Doc. 57) does detail with particularity the steps he has undertaken to

obtain production of the requested documents; however, these steps have been limited to his initial service

of his request for production, by mail upon defendant's counsel, and his filing of the two prior motions to

compel production (Docs. 45 & 48).

---

[18] Fed. R. Civ. P. 37(a)(2)(B).

[19] D. Kan. Rule 37.2.

[20] *Id.*

[21] *Id.*

The court is mindful that plaintiff is proceeding pro se and was, at the time of the filing of his third motion to compel, incarcerated.  While these conditions might serve to excuse a somewhat cursory attempt to confer in good faith to resolve the dispute, they should not be relied upon to justify a total lack of any attempt to confer.  Plaintiff's frequent reference to, and citation of, the Federal Rules of Civil Procedure throughout his filings in this case indicate that he has access to those rules and is not unfamiliar with their requirements.  His correspondence with the court, as evidenced by all the motions discussed herein, indicates that he has ample access to the mail to be capable of corresponding with defendant's counsel in a "reasonable effort to confer."

Because plaintiff's third motion to compel production (Doc. 57) provides no certification of good faith efforts to resolve this dispute without court action, as required by Fed. R. Civ. P. 37(a)(2)(B) and D. Kan. Rule 37.2, and because there is nothing in the record in the case to suggest that any such efforts were undertaken, the court finds that plaintiff's motion could be denied for failure to comply with Fed. R. Civ. P. 37(a)(2)(B) and D. Kan. Rule 37.2.  However, in light of plaintiff's pro se status, his incarceration at the time of the filing of his third motion to compel, and because his earlier motions to compel production served to provide defendant with notice of his issues with regard to the tendered discovery responses, the court, in the interests of justice, will entertain plaintiff's third motion to compel production and review the specifics requests and objections of the parties.

Before turning to plaintiff's individual requests and defendant's specific objections, the court notes that defendant has taken the position throughout all of its responses that it is limiting its production to documents in the possession of the BOP.  The defendant named in plaintiff's complaint is the United States

8

of America.[22]   The court's review of the docket does not find any record of the BOP having been substituted as the named defendant in this action, the answer filed by defendant in this matter was filed on behalf of the United States of America.[23]  As such, the court finds that defendant may not limit its responses to only those documents responsive to plaintiff's requests in the possession of the BOP; but must, instead, produce to plaintiff's any documents responsive to his valid requests that are in the possession, custody, or control of the government of the United States of America.  Therefore, the court directs defendant to review the responses it has made to all of plaintiff's discovery requests in this matter and supplement those responses in any manner necessary to provide full and complete responses on behalf of the United States of America.

### B.  Request for Production No. 3

Defendant objects to this request on the basis that the information sought is beyond the scope of permissible discovery in that it is not relevant to the claim or defense of any party and is not calculated to lead to the discovery of admissible evidence, as well as, on the basis that the information requested is not in the possession of the Bureau of Prisons.[24]

The scope of discovery is governed by Fed. R. Civ. P. 26(b), which provides that

---

[22] *See* Complaint (Doc. 1).

[23] *See* Answer (Doc. 18).

[24] Defendant's Response to Plaintiff's First Request for Production of Documents, attached as Exhibit 1 to plaintiff's Motion to Compel Production of Plaintiff's First Request for Production or in the Alternative for Discovery Conference (Doc. 57), at ¶ 3.

> [p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.[25]

Fed. R. Civ. P. 34 provides that such requests for production may be made for documents containing "matters within the scope of 26(b) and which are in the possession or control of the party upon whom the request is served."[26] A party opposing discovery "bears the burden to support its objection with facts, and if necessary, affidavits and not merely with conclusions."[27]

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[28] "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[29]

--------

[25] Fed. R. Civ. P. 26(b)(1).

[26] Fed. R. Civ. P. 34(a).

[27] *Lawrence v. First Kan. Bank & Trust Co.*, 169 F.R.D. 657, 659 (D. Kan. 1996).

[28] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[29] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

In his Request No. 3, plaintiff seeks the tax records for the last seven years of Drs. McCollom and Tharp, BOP doctors he alleges have performed acts giving rise to his claims.  In his motion, plaintiff does not respond to defendant's relevancy objection beyond simply stating the conclusion that the discovery sought is relevant.  In its response to plaintiff's motion, defendant argues that the tax records of these individual doctors have no relevance to the malpractice claim advanced by plaintiff, or any of its defenses thereto, and that the doctors are not named defendants whose financial records could conceivably be relevant to any amount of judgment that might ultimately be rendered in this action.

Courts do not favor compelled production of tax returns, and such information is only discoverable when relevant to the subject matter of the action.[30] "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable."[31]  In this instance, because the relevancy of plaintiff's request is not apparent on its face, and because plaintiff has made no showing beyond the conclusory assertion that the information requested is calculated to lead to the discovery of admissible evidence, the court finds that plaintiff has failed to meet his burden of establishing the relevancy of the tax return information requested.  Accordingly, the court sustains defendant's objection and shall not compel defendant to produce any documents in response to plaintiff's Request for Production No. 3.

## C.  Request for Production Nos. 4 and 15

---

[30] *Hilt v. SFC INC.*, 170 F.R.D. 182, 189 (D. Kan. 1997).

[31] *Id.* (citing *Auditext Communications Network, Inc. v. US Telecom, Inc.*, No. Civ. A. 94-2395-GTV, 1995 WL 625962, at *11 (D. Kan. October 5, 1995) (citations omitted)).

Defendant objects to plaintiff's Request Nos. 4 and 15 on the basis that the information sought is beyond the scope of permissible discovery in that it is not relevant to the claim or defense of any party and is not calculated to lead to the discovery of admissible evidence.  As noted above, relevancy is "broadly construed," and a discovery request "should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party."[32]

In his Request No. 4, plaintiff seeks the employment applications of Drs. McCollom and Tharp. In his Request No. 15, plaintiff seeks the employment application of Rogelio Fuentes, a BOP physician's assistant he alleges to have performed acts giving rise to his claims.  In his motion, plaintiff responds to defendant's objection to these requests by stating that the discovery is likely to lead to admissible evidence of "prior crimes, bad deeds, routine, and practice."[33]   In its response to plaintiff's motion, defendant supports its objection by arguing that the individuals, whose employment records are being requested are not named parties to this action, that the information requested is unlikely to lead to the discovery of admissible evidence in that evidence of prior bad acts by third-parties is admissible on only rare and limited occasions, and that plaintiff has failed to establish that any of the information requested would be relevant to the issues at hand.

---

[32] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[33] Plaintiff's Motion to Compel Production of Plaintiff's First Request for Production or in the Alternative for Discovery Conference (Doc. 57), at p. 4.

"[W]hen relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request."[34]  In this instance, the court does not see the relevancy of the employment applications of the BOP medical personnel in an action to recover for alleged medical malpractice. Defendant freely acknowledges that the persons whose files are being requested are its employees and that these employee provided medical care to plaintiff within the scope of their employment.[35]  Therefore, there is no defense being asserted that the alleged actors were either not defendant's agents, or not acting within the scope of that employment, to which the documents requested would be relevant.  Because the court does not find the relevance of these documents to either plaintiff's claims or defendant's defenses to be readily apparent, and because Plaintiff has made no showing with regard to his burden to demonstrate the relevancy of these documents, the court will sustain defendant's objection and shall not compel defendant to produce any documents in response to plaintiff's Request for Production Nos. 4 and 15.

### D.  Request for Production Nos. 5, 6, 7, and 11

Defendant objects to plaintiff's Request Nos. 5, 6, 7, and 11 on the basis that they are overly broad, unduly burdensome, and not calculated to lead to discovery of admissible evidence.  Defendant further states, in response to each of these requests, that "[i]f any such documents exist, they are not within the possession of the Federal Bureau of Prisons."

---

[34] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004) (citing *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

[35] Defendant's Response to Plaintiff's Motion to Compel Defendant's Production of Plaintiff's First Request for Production of Documents, or in the Alternative, Motion for Discovery Conference (Doc. 60), at p. 4.

Turning first to defendant's statements that no such documents exist within the possession of the BOP, the court again notes that the named defendant in this action is the United States of America and that any responses must include all documents in the possession, custody, or control of the government of the United States of America.  Additionally, the court notes that this is not an objection; but instead, a representation to the court and plaintiff that defendant does not possess any documents responsive to the instant requests.  The court cannot order defendant to produce documents that do not exist; it can only order defendant to respond with any documents that it does possess to any request the court finds to be valid and outstanding.  However, the court directs defendant to review these responses in light of the fact that they must be made on behalf of the United States of America and supplement them as necessary to make them full and complete.

In his Request for Production Nos. 5, 6, 7, and 11, plaintiff seeks documents related to any complaints and findings against Drs.  McCollom and Tharp filed with the "Office of Professional Responsibility," "Office of Inspector General," "Office of Internal Affairs," or the U.S. Attorney General, respectively.  With the exception of the last request, No. 11, none of the requests specify what level, branch, or agency of government's records are sought by this request.  Defendants contend that, because of this failure to specify the unit of government whose records are sought with greater  particularity, the instant requests are overly broad, unduly burdensome, and not calculated to lead to discovery of admissible evidence.

"A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.'"[36]  "If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue."[37]  In this instance, the court finds that defendants could have identified, through the use of reason and common sense, the applicable documents sought by plaintiff in each of these requests.  Defendant should certainly possess the ability to determine where these doctors have worked in its employ and could, therefore, locate the specific offices, of the type identified by plaintiff in each of his requests, that might possess responsive documents.  In the event defendant had any remaining uncertainty with regard to the documents being requested, it could have alleviated any such problem by providing reasonable definitions and/or clarifications of what it construed the requests to cover when it made its response.

A party objecting to discovery on the basis of overbreadth must support its objection, unless the request appears overly broad on its face.[38]  The court finds that this request does not appear overly broad on its face.  Defendant has not met its burden to substantiate this objection, and has made only a conclusory statement that the requests are overly broad.  Therefore, the court overrules this objection.

In opposing discovery on the grounds of burdensomeness, a party has "the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested

---

[36] *W. Res., Inc. v. Union Pac. R.R. Co.*, 2002 U.S. Dist. LEXIS 1004 (D. Kan. Jan. 21, 2002) (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. Apr. 18, 2000)).

[37] *Id.*

[38] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999).

15

discovery is unduly burdensome."[39]  "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."[40]  "Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery."[41]  Defendant has made no detailed showing of the burden it believes to be imposed upon it by the instant requests. Because defendant has made only a conclusory objection, which it has failed to substantiate, the court overrules this objection.

Defendant also objects to all four of these requests on the basis that they are not reasonably calculated to lead to discoverable evidence.  As noted previously, this is an action for medical malpractice wherein plaintiff is alleging that the care he received deviated from the appropriate professional standard. The instant requests seek information related to prior complaints against the same members of defendant's medical staff that plaintiff alleges to be responsible for the treatment  giving rise to his injury.

As noted above, relevancy is "broadly construed," and a discovery request "should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party."[42]  "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the

---

[39] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

[40] *Id.*

[41] *Employers Comm. Union Ins. Co. of Am. v. Browning-Ferris Indus.*, 1993 U.S. Dist. LEXIS 21098, at *17-18 (D. Kan. Apr. 5, 1993).

[42] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[43]

In this instance, the court finds that there does appear to be the possibility that the information requested could lead to the discovery of admissible evidence related to either plaintiff's claim of medical negligence or defendant's defenses thereto, particularly the defense that defendant's conduct was not negligence. Because of this possibility, the court finds that the information does fall within the scope of proper discovery pursuant to Fed. R. Civ. P. 269b)(1) and that defendant's relevancy objection should be overruled.

Because the court finds the information to requested by Plaintiff's Request for Production Nos. 5, 6, 7, and 11 to be within the scope of proper discovery, and because it does not find those requests to be overly broad or unduly burdensome, the court shall order defendant to provide full and complete responses to those requests.

**E.  Request for Production No. 12**

In his Request for Production No. 12, plaintiff seeks production of Bureau of Prisons Program Statement 6000.05. Defendant has responded to this request that no such program statement currently exists, and produced to plaintiff a listing of the available program statements in the 6000 series.[44]

---

[43] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[44] Defendant's Response to Plaintiff's First Request for Production of Documents, attached as Exhibit 1 to plaintiff's Motion to Compel Production of Plaintiff's First Request for Production or in the Alternative for Discovery Conference (Doc. 57), at ¶ 3.

Plaintiff has responded to this averment in his motion by attaching a copy of a document, on letterhead from United States Penitentiary, Florence, Colorado and bearing the seal of the BOP, entitled "Institution Supplement" and dated August 19, 2004, which references a "Program Statement 6000.05, Health Services Manual, dated September 15, 1996."[45]

A statement that defendant does not have a document responsive to a request in its possession is not an objection, and the court cannot compel production of a document that does not exist. Defendant has not objected to plaintiff's request for Program Statement 6000.05; it has responded that no such document currently exists. Based on the information before it, the court has no reason to question the veracity of defendant's response to plaintiff's request. The court, however, notes that plaintiff's request is not limited to any Program Statement 6000.05 in current effect, nor is it limited to any such document in the possession of the BOP. The date ascribed to that Program Statement in plaintiff's documentation is September 15, 2006, whereas defendant's response states that no such Program Statement *currently exists*. Any Program Statement 6000.05 in the possession of defendant, the United States of America, would be responsive to plaintiff's request, regardless of whether that document is currently in use, effective, or in the possession of the BOP. Therefore, while the court cannot order production of a document that does not exist, in light of plaintiff's documentation, the court directs defendant to review its response to plaintiff's Request for Production No. 12 and provide any required supplementation should that response prove to be incomplete. Certainly, if any document identified as "Program Statement 6000.05" is in the possession of defendant,

---

[45] Plaintiff's Motion to Compel Production of Plaintiff's First Request for Production or in the Alternative for Discovery Conference (Doc. 57), at Ex. 3.

whether or not such a document is considered to be current, then defendant's response is not complete and would need to be supplemented.

## II.  Plaintiff's Motions Related to Interrogatories (Docs. 47, 55, & 56)

Plaintiff reports that he served his interrogatories upon defendant by mail on February 8, 2005. Plaintiff received defendant's answers to his interrogatories, which were mailed March 17, 2005, on March 21, 2005.  Plaintiff filed his motion to compel interrogatory answers and for sanctions (Doc. 47) on April 18, 2005, seeking additional information in response to Interrogatory Nos. 2, 4, 5, 7, 8, 13, 14, 15, and 16 and sanctions for defendant's failure to fully answer these interrogatories.  On May 2, 2005, defendant executed supplemental responses to Interrogatory Nos. 4, 5, 7, 8, 13, 14, 15, and 16.  On May 5, 2005, plaintiff filed his motion for leave to file supplemental motion to compel and for sanctions (Doc. 55) and his supplemental motion to compel and for sanctions (Doc. 56).

The court notes that plaintiff's motion for leave to file supplemental motion to compel and for sanctions (Doc. 55), appears to be moot because the motion for which leave is sought, plaintiff's supplemental motion to compel, was filed in the case on the same date as Doc. 56.  The court suspects that plaintiff's intent may have been that the supplemental motion (Doc. 56) be attached to the motion for leave (Doc. 55) and provided to the court as an exhibit of a proposed filing under D. Kan. Rule 15.1;[46] however, this is not how the docketing was done, and the supplemental motion to compel (Doc. 56) has been filed in the case.  Since the purpose of the supplemental motion to compel (Doc. 56) appears only to have been

---

[46] *See* D. Kan. Rule 15.1 ("[A] motion for leave to file a pleading or other document that may not be filed as a matter of right shall set forth a concise statement of the amendment or leave sought to be allowed with the proposed pleading attached.").

to provide the court with a copy of a letter plaintiff received from defendant, stating defendant's intent to supplement its initial answers to plaintiff's interrogatories, the court is not certain there was ever any need for plaintiff to file either the motion for leave or the supplemental motion to compel.  Rather, it appears, plaintiff could have filed the letter in the record of the case as a supplement to his original motion to compel (Doc. 47) and not as a motion itself.  In any event, as a housekeeping matter, the court will deny plaintiff's motion for leave to file  supplemental motion to compel (Doc. 55) and supplemental motion to compel (Doc. 56) as moot .  The court will, however, consider the letter attached to plaintiff's supplemental motion to compel (Doc. 56) in it resolution of plaintiff's original motion to compel interrogatory answers and for sanctions (Doc. 47).

Unlike the circumstance with plaintiff's motions to compel production above, plaintiff does include a certification of the parties' efforts to resolve the dispute regarding plaintiff's interrogatories prior to the filing of his motion to compel (Doc. 47).  While these efforts appear to have consisted of only a single exchange of correspondence, the plaintiff, who was incarcerated at the time, does appear to have pursued the only course of contact that was available to him, and the court finds this to be adequate under these circumstances.

Plaintiff originally filed his motion to compel additional answers to his Interrogatory Nos. 2, 4, 5, 7, 8, 13, 14, 15, and 16.  On May 3, 2005, defendant provided supplemental answers to Interrogatory Nos. 4, 5, 7, 8, 13, 14, 15, and 16.  Plaintiff has not taken any action to seek further information in response to these interrogatories, and his time to do so pursuant to D. Kan. Rule 37.1 has now expired.[47]  Therefore,

---

[47] D. Kan. Rule 37.1(b), addressing the timing of motions to compel, provides:

the only interrogatory that appears to remain in dispute between the parties is plaintiff's Interrogatory No.

2.

In his Interrogatory No. 2, plaintiff asks the following: "What are the Board Certifications, extension courses, and listed specialties on Healing Arts  licenses of Dr. Judith Tharp and Dr. William McCollom?"[48] Plaintiff does not provide the court with the full text of defendant's response to this interrogatory, but he does provide some quoted language, apparently from defendant's response, in stating his disagreement with defendant's answer.  The text of plaintiff's statement of his disagreement is as follows:

> Defendant's answer in reference to Dr. McCollom is inaccurate, 'Dr. McCollom's Healing Arts license contains no listed certifications, extension courses or specialties.'  Plaintiff did not ask what may or may not be on Dr. McCollom's current license.  Plaintiff expects all listings that have been  on Dr. McCollom's licenses.  Plaintiff is aware that at various times Dr. McCollom has listed at least the specialties of surgeon and internist.[49]

Fed. R. Civ. P. 33 addresses the use of interrogatories by the parties in a civil case.  Fed. R. Civ. P. 33(a) provides in relevant part that "any party may serve upon any other party written interrogatories . . . to be answered by the party served."[50]  "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for the

---

Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown.  Otherwise the objection to the default, response, answer, or objection shall be waived.

[48] Plaintiff's Motion to Compel Disclosure of Answers to Plaintiff's Interrogatories, And for Imposition of Sanctions (Doc. 47), at p. 2.

[49] *Id.*

[50] Fed. R. Civ. P. 33(a).

objection and shall answer to the extent the interrogatory is not objectionable." "Interrogatories may relate

to any matters which can be inquired into under [Fed. R. Civ. P.] 26(b)(1) . . . ."[51] Fed. R. Civ. P. 26(b)(1)

permits discovery of "any matter, not privileged, that is relevant to any claim or defense of any party."[52] An

answering party "has a duty to answer the interrogatory with whatever information he has."[53]

"The party submitting the interrogatories may move for an order under [Fed. R. Civ. P.] 37(a) with

respect to any objection or other failure to answer an interrogatory."[54] "A party, upon reasonable notice

to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery

. . . ."[55] "For good cause, the court may order discovery of any matter relevant to the subject matter

involved in the action."[56]

In this instance, defendant appears from information contained in plaintiff's statement of his

disagreement, to have provided an answer to plaintiff's Interrogatory No. 2. In it response to plaintiff's

motion (Doc. 52), defendant states, "[I]nterrogatory [No. 2] was fully and completely answered in

defendant's initial responses to interrogatories and defendant is not in the possession of any additional

---

[51] Fed. R. Civ. P. 33(c).

[52] Fed. R. Civ. P. 26(b)(1).

[53] *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538 (D. Kan. 1989).

[54] Fed. R. Civ. P. 33(b)(5).

[55] Fed. R. Civ. P. 37(a).

[56] Fed. R. Civ. P. 26(b)(1).

information in response to [I]nterrogatory [N]o. 2."[57]  Plaintiff is dissatisfied with the answer because it applies only to Dr. McCollom's current license and not all licenses.  Interrogatories are written questions directed to *parties* to a lawsuit and are to be answered with the information known to the answering party. As  previously noted, Dr. McCollom is not a party to the instant case and, consequently, cannot be the recipient of interrogatories.  Defendant, Dr. McCollom's employer, has answered plaintiff's interrogatory based upon Dr. McCollom's current license - the license he is using while in defendant's employ.

The court finds this to be a full and complete answer to plaintiff's Interrogatory No. 2 and will not compel defendant to provide a further answer.  Accordingly, the court finds that plaintiff's motion to compel interrogatory answers and for sanctions (Doc. 47) should be denied.

## III.  Conclusion

Based upon the foregoing, the court concludes that plaintiff's motions to compel (Doc. 45), to compel and for sanctions (Doc. 47), to compel (Doc. 48), for leave to file supplemental motion to compel and for sanctions (Doc. 55), to compel and for sanctions (Doc. 56). shall be denied. Plaintiff's motion to compel or for a discovery conference (Doc. 57) shall be granted in part and denied in part.

---

[57] Defendant's Response to Plaintiff's Motion to Compel Disclosure of Answers to Plaintiff's Interrogatories and Motion for Imposition of Sanctions (Doc. 52), at ¶ 4.

**IT IS THEREFORE ORDERED:**

1.  That plaintiff's motion to compel document production (Doc. 45); motion to compel interrogatory answers and for sanctions (Doc. 47); amended motion to compel document production (Doc. 48); motion for leave to file supplemental motion to compel interrogatory answers and for sanctions (Doc. 55); and supplemental motion to compel interrogatory answers and for sanctions (Doc. 56) are hereby denied.

2.  That plaintiff's motion to compel production of plaintiff's first request for production or in the alternative for discovery conference (Doc. 57) is granted in part and denied in part.

3.  That defendant shall, on or before August 12, 2005,  review all its responses to plaintiff's written discovery and supplement  any response as necessary to render them full and complete responses based upon the defendant to this action being the United States of America.

4.  That defendant shall, on or before August 12, 2005, provide plaintiff with ful and complete responses to plaintiff's Request for Production Nos. 5, 6, 7, and 11.

**IT IS SO ORDERED.**

Dated this 12th day of July, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U. S. Magistrate Judge