**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SCOTT LEE FEUER,

Plaintiff,

v. Case No. 04-3027-JAR

UNITED STATES OF AMERICA,

Defendant.

**ORDER SETTING TELEPHONE STATUS CONFERENCE**

On September 2, 2005, this matter came before the court for a telephone status conference. After numerous attempts, the court's telecommunications provider was unable to contact plaintiff at the telephone number he had provided, and the court did not go forward with the conference.

There have been three previous attempts to hold a telephone status conference in this case that have been unsuccessful due to the inability of the court to contact plaintiff. Initially, at the request of the parties, a status conference setting of June 2, 2005, at 9:30 a.m., was included in the scheduling order entered in the case (Doc. 38). This first status conference was scheduled to occur soon after plaintiff's anticipated, May 2005, release from incarceration so that any schedule changes necessitated by plaintiff's release and relocation could be addressed.

On May 31, 2005, plaintiff filed a notice of change of address (Doc. 61), listing his address as C.C.N.V. 425 2nd Street, NW, Room 474B, Washington D.C. 2000l and providing

no telephone number or other contact information. Since plaintiff had not provided a contact telephone number, when the date for the first status conference was imminent, the court contacted defense counsel to determine if she was aware of a telephone number that could be used to contact plaintiff. Defense counsel was not aware of any phone number and further reported to the court that mail she had recently sent to the address provided by plaintiff had been returned as "addressee unknown."

Because the setting for the first status conference had been established during the scheduling conference, in which plaintiff participated, and included in the scheduling order, which was mailed to plaintiff when he was still incarcerated, the court continued with preparations to hold the conference in anticipation that plaintiff would contact the court at time of the teleconference. Plaintiff did not contact the court and the first status conference was not held.

The court then attempted to ascertain whether plaintiff could still be contacted at the address he provided, eventually identifying a telephone number for the C.C.N.V. facility in Washington D.C. Upon calling that number, the court learned that the C.C.N.V. facility was a homeless shelter and that no one there had any knowledge of plaintiff or his whereabouts.

On July 15, 2005, plaintiff filed another change of address (Doc. 67), which listed a new contact address and telephone number. On July 19, 2005, the court entered an order (Doc. 69) setting the second status conference for August 18, 2005, at 10:00 a.m. central time, and directing plaintiff to contact the court to confirm the telephone number, at which he could be

reached at the time of the conference, by August 5, 2005. This order was mailed to plaintiff at the new contact address.

On or about August 5, 2005, in response to the court's order (Doc. 69), plaintiff left a voice message with undersigned's chambers, confirming that he wished to be contacted for second status conference at the same telephone number listed in the July 15, 2005-change of address (Doc. 67). The court prepared to hold the second status conference and made the arrangements for the conference call.

On August 18, 2005, prior to the time for the second status conference, plaintiff contacted the undersigned's chambers to report that he was experiencing a medical emergency and would not be available at the time of the conference. Plaintiff stated that he would contact the court to arrange a new time for a status conference.

After receiving no such contact for several days, the court, on or about August 22nd and 23rd, attempted to contact plaintiff by telephone without success. The court did, however, leave voice messages at that number requesting that plaintiff contact the court to discuss his case. On or about August 23, 2005, plaintiff contacted the court and spoke with a member of the undersigned's staff. During that conversation, it was established that plaintiff had not received any of the voice messages that the court had left and that the contact number provided by plaintiff was a communal telephone in a multifamily residential building. Also during that conversation, a time when plaintiff would be available for a status conference was discussed, and plaintiff agreed that he could participate on September 2, 2005, at 10:00 a.m. central time.

Plaintiff stated that he would be waiting by the phone and asked that repeated attempts be made in the event the phone was busy.

The court attempted to confirm that defense counsel was also available for a conference on September 2nd, while plaintiff was on hold. Due to a delay in reaching defense counsel, plaintiff eventually had to call back; however, the court did ultimately confirm defense counsel's availability and communicate to plaintiff that everything was set to go forth on September 2nd, at 10:00 a.m. central time. The court then entered a docket text order setting this third status conference (Doc. 72), mailed a printout of that order to plaintiff, and made arrangements for the conference call with its telecommunications provider.

On September 2, 2005, at the time set for the status conference, the court's telecommunications provider contacted the court to report that it had been unsuccessful in reaching plaintiff at the telephone number provided. The court verified it had provided the correct number, and that the number had not been busy, and requested the provider to continue to dial the number. After approximately fifteen minutes, the provider again contacted the court to report that it had made numerous more attempts without success. The provider then connected a member of the undersigned's staff with defense counsel, who had been holding during the attempts to contact plaintiff, to let her know that the conference would not be held. Plaintiff has not contacted the court, and, thus, the court is unaware of the reason for his unavailability.

In light of these past communication difficulties, the court is not aware of the current status of discovery in this case and is concerned the case may not proceeding in conformance

with the current schedule. As such, the court will order the parties to confer and provide a written status report, in the form of an updated parties' planning report, describing the discovery and pretrial activities that remain to be completed in the case and proposing any new dates for completion of those activities.

The court will also set a new date and time for the holding of a telephone status conference to discuss the information provided in the parties' report. In the event one or more of the parties cannot be available at the date and time provided by the court, the parties shall so notify the court in their written status report and propose a date and time within ten (10) days after submission of their report when they could all be available for the holding of such a status conference. Because plaintiff has reported to the court that he does not receive messages left at his contact number, and that the number is not a private line, at which he can routinely be reached, the court will place the burden upon plaintiff to contact defense counsel so that they may confer to develop the written status report.

Plaintiff must be aware that this is a very serious matter. To date, he has now missed three telephonic court appearances. The court can confirm, by its own involvement, that plaintiff had notice of each of these three appearances. Of the three, only one has been explained – the second due to a medical emergency. Plaintiff has offered to provide documentation of the medical emergency; however, the court has declined to request such documentation because it has no reason to doubt plaintiff's explanation. What plaintiff must understand is that he initiated this lawsuit and bears the burden of pursuing the litigation and prosecuting his claim. Continued unexplained delays and missed court appearances will very

likely result in the imposition of stern sanctions, either as a result of a motion by defendant or by court acting *sua sponte*, which could include an award of defendant's attorney fees and costs or dismissal of plaintiff's claim. The court has an interest in seeing that all cases are resolved both justly and efficiently and cannot allow a case to sit idle as a result of a lack of communication.

**IT IS THEREFORE ORDERED:**

1. That, by **September 16, 2005**, plaintiff shall contact defense counsel to confer regarding the preparation of a written status report in the form of an updated parties' planning report.

2. That, by **September 23**, **2005,** defendant shall submit the parties written status report to the undersigned's chambers as an attachment to an Internet e-mail sent to ksd_sebelius_chambers@ksd.uscourts.gov.

3. That this matter is hereby set for a status conference by telephone on **September 30, 2005, at 2:00 p.m. central time**. The court will initiate the telephone conference call. The parties shall provide the court with the telephone numbers, at which they wish to be contacted for the status conference, as part of the above-described written status report.

**IT IS SO ORDERED.**

Dated this 6th day of September, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge