lml

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| SCOTT LEE FEUER, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )     Case No. 04-3027-JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Defendant. | ) |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court on a Notice and Order to Show Cause (Doc. 80) why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) due to plaintiff Scott Feuer's failure to appear for the final pretrial conference on March 24, 2006.  Plaintiff did not respond to the Order to Show Cause, which was sent via certified mail and returned as unclaimed (Doc. 82).

Rule 16(f) provides as follows:

> (f) Sanctions.  If a party or party's attorney fails to obey a scheduling or pretrial order, or *if no appearance is made on behalf of a party at a scheduling or pretrial conference*, or if a party or party's attorney is substantially unprepared to participate at the conference, or if a party or party's attorney fails to participate in good faith, *the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).*
> (emphasis added).

Rule 37(b)(2)(C) provides for an order dismissing the action.  Thus, dismissal is an appropriate sanction under Rule 16(f).

As detailed in the Order to Show Cause, plaintiff failed to appear at the final pretrial conference set by the amended scheduling order of October 5, 2005 (Doc. 78).  As of March 24,

2006, the date of the pretrial conference, Magistrate Judge Sebelius had not had contact with plaintiff since the October 5, 2005 status conference, and the docket reflects no activity by plaintiff after that date.  Plaintiff failed to participate in the creation of the proposed pretrial order, despite numerous attempts by defendant's counsel to contact plaintiff.  A copy of the proposed pretrial order was sent to plaintiff via Federal Express on March 17, 2006, along with a letter reminding him of the time of the final pretrial conference and providing him with contact telephone numbers for both defendant's counsel and the court.  Defendant's counsel reported that there was no indication from Federal Express that the correspondence was not delivered, and neither the court nor defendant's counsel has had any contact with plaintiff in response thereto.

In the Order to Show Cause, Judge Sebelius noted that this is not the first difficulty the court has had in securing plaintiff's appearance at hearings in this matter, setting forth in detail the various problems encountered with plaintiff.  The court noted that the original scheduling conference was held on March 11, 2005, and in the year since then, the court and defense counsel have been repeatedly unable to reliably communicate with plaintiff, who has failed to appear for four separate hearings before the court.  The court indicated that it had little choice but to conclude that plaintiff has not given due attention to this matter and is not serious about prosecuting his case to resolution.  Accordingly, the Order to Show Cause was issued on March 27, 2006, directing plaintiff to show cause, in writing, to this Court on or before April 26, 2006, why this case should not be dismissed for failure to appear at the final pretrial conference.  This order was sent via certified mail to the last address provided by plaintiff to the court on July 19, 2005 (Doc. 67), and was returned unclaimed.

The Court is mindful that dismissal with prejudice is a harsh sanction that must be

2

grounded upon some fault of the party.[1]  Today's action comes only after several failed attempts to coax plaintiff's compliance with the court's orders and numerous attempts to maintain and facilitate communication with plaintiff.  While this Court must consider the possibility of some sanction other than dismissal "so that the party does not knowingly lose its right of access to the courts because of a technical violation,"[2] the Court concludes that no lesser sanction would be effective.  Plaintiff is representing himself, yet refuses to participate in the pretrial process, including appearing at the pretrial conference.  Plaintiff's actions have frustrated Judge Sebelius's attempts to manage this action pursuant to Rule 16(b) and have wasted judicial resources.  His pro se status does not entitle him to ignore the scheduling order, required court appearances and efforts of the court and defense counsel to communicate with him.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's case is **dismissed, with prejudice.**

**IT IS SO ORDERED.**

Dated this  16th  day of June 2006.

  S/ Julie A. Robinson   
Julie A. Robinson
United States District Judge

---

[1]*See, e.g., Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

[2]*Ehrenhaus v. Reynolds*, 964 F.2d 916, 920 n.3 (10th Cir. 1992).